**Earl C. DAVIS, Appellant**

v.

**DEPARTMENT OF LABOR, et al., Appellees.**

**No. 13–5026.**

United States Court of Appeals, District of Columbia Circuit.

May 2, 2014.

Earl C. Davis, Clinton, MD, pro se.

R. Craig Lawrence, Andrew D. Auerbach, U.S. Attorney's Office, Washington, DC, Bonnie Patricia Lane, Clarke, Dolph, Rapaport, Hull, Brunick & Garriott, PLC, Norfolk, VA, for Appellees.

Before: GRIFFITH, SRINIVASAN, and WILKINS, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing; the motion for sanctions, the opposition thereto, and the reply; and the supplemental reply brief, it is

**ORDERED** that the motion for sanctions be denied. Appellant has not established that he is entitled to sanctions under D.C.Cir. Rule 38. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's November 30, 2012, and December 31, 2012, orders be vacated and the case be remanded

for further proceedings consistent with this judgment. Appellant argues that the district court has yet to consider and decide whether appellee Liberty Mutual's responses to all of his requests for reimbursement complied with the district court's August 24, 1982, order as modified on March 15, 2001 ("the 2001 order"). At a status hearing on January 10, 2007, the magistrate judge ruled that Liberty Mutual's payment for the March 7, 2002, request was 11 days late, and imposed a fine of $5,500. The transcript of the January 2007 hearing makes clear that the magistrate judge was only resolving the question of the March 2002 request at that time, and invited the parties to address any remaining issues in status reports. On numerous occasions over the next several years, *see, e.g.,* 9/18/09 Mot. for Enforcement at 16–18, appellant filed motions urging the district court to consider whether all of Liberty Mutual's responses to his reimbursement requests complied with the 2001 order, and what fine should be imposed. On March 31, 2010, and in subsequent orders, the magistrate judge ruled that appellant's rights with respect to the requests had been fully litigated, *see* 3/31/10 Order at 3, but despite that ruling, the record does not reflect that the magistrate judge ever expressly considered and decided whether Liberty Mutual was liable for a fine with respect to the requests dated March 14, April 3, and November 26, 2001, and Liberty Mutual has not satisfied this court's instructions to identify any such order.

The district court's November 30, 2012, memorandum opinion states it is clear from the record that "the Magistrate Judge was satisfied that the [2001] reimbursement requests either were in compliance with the [2001 order] or were not covered" thereby. But it is not clear from the record when or whether the magistrate judge made that determination in the first instance. Accordingly, on remand the district court is instructed to determine whether Liberty Mutual's responses to the requests dated March 14, April 3, and November 26, 2001, complied with the 2001 order, and if any of them did not, to impose the fine prescribed by that order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.